# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

LESAMUEL PALMER,

    Plaintiff,

v.                                                          Case No.  4:24-cv-358-WS/MJF

W. GREEN, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's complaint, the undersigned recommends that this action be dismissed as malicious, under 28 U.S.C. § 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose honestly and completely his litigation history.

### I. BACKGROUND

Plaintiff is a Florida prisoner housed at the Santa Rosa Correctional Institution. His Florida Department of Corrections inmate number is "L41847." Doc. 1 at 2. Plaintiff claims that in 2023, four prison officials at the Wakulla Correctional Institution violated the Constitution, the Americans with Disabilities Act, and the Rehabilitation Act when they failed to protect him from an assault by another inmate.

## II. DISCUSSION

**A.** <u>Screening Under the PLRA</u>

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). This is true "regardless of whether [the Plaintiff's] response to the question was

knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023).

## B.   Plaintiff's Disclosures

Section VIII of the complaint form completed by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 1 at 11–15. The complaint form asks three questions:

> A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?[1]
>
> B. Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

*Id.* at 11-12. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose <u>all</u> responsive cases. *Id.*

---

[1] The introduction to Section VIII explains the "three strikes rule" of 28 U.S.C. § 1915(g), and defines a "strike" as follows: "an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Doc. 1 at 10 (quoting 28 U.S.C. § 1915(g)).

In response to these Questions, Plaintiff responded, "Yes," to question C., but "No" to questions A. and B. *Id.* at 11–12. Plaintiff then disclosed fifteen cases filed in the United States District Court for the Middle District of Florida. *Id.* at 14–15.

At the end of the complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 13, 16. Thus, Plaintiff has in effect stated that at the time he filed this lawsuit, he had not filed any other case in federal court that (1) was dismissed as frivolous, as malicious, or for failure to state a claim, (2) challenged his conviction, or (3) related to the conditions of his confinement.

## C. <u>Plaintiff's Omission</u>

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Plaintiff filed his complaint in this case, he had filed *at least* one prior case that required disclosure.[2] Specifically,

---

[2] By confining this discussion to one case, the undersigned does not imply that this is the *only* case Plaintiff was required, but failed, to disclose. The undersigned will not shoulder Plaintiff's burden to determine all of the cases he has filed. It is Plaintiff who has an obligation to determine and disclose all of his prior cases.

on July 2, 2019, Plaintiff filed a lawsuit in the United States District Court for the Northern District of Florida that related to the conditions of his confinement at the Jefferson Correctional Institution. *See Palmer v. Brown, et al.*, No. 4:19-cv-306-RH-HTC, Compl., Doc. 1 (N.D. Fla. July 2, 2019). The case was dismissed on the ground that it was malicious. *See id.*, No. 4:19-cv-306-RH-HTC, R. & R., Doc. 3 (N.D. Fla. July 11, 2019), *accepted and adopted*, Order of Dismissal, Doc. 4 (N.D. Fla. Aug. 14, 2019).

Plaintiff did not disclose the foregoing case in his complaint filed in the present case. *See* Doc. 1.

The foregoing case falls squarely within the complaint form's disclosure requirements. It was a federal case that (1) related to the conditions of Plaintiff's confinement and (2) was dismissed as malicious. Plaintiff's failure to disclose Case No. 4:19-cv-306-RH-HTC violates his duty of candor to this court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

D.   <u>**The Materiality of Plaintiff's Omission**</u>

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their

ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets[;] this authority includes 'broad discretion in deciding how best to manage the cases before them'").

The time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed a substantial number of cases. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that he was required to disclose all prior cases filed in federal court that were dismissed as malicious, or that related to the conditions of his confinement. Doc. 1 at 10-12. He also was aware that the penalty for failing to disclose his prior litigation history was dismissal. *Id.* at 13 ("**Failure to disclose all prior cases may result in the dismissal of this case.**").

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See supra* Part II.B. & n.1; *see also Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions). Also, Plaintiff clearly had access to his litigation history, as evidenced by the printout of fifteen cases he filed in the Middle District of Florida. *See* Doc. 14-15.

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp.

1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E. The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). Federal courts cannot let false responses go unpunished. Dismissal without prejudice is an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the District Court with true statements or responses.[3] *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (same), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F,

---

[3] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden* 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under 42 U.S.C. § 1983 in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) The alleged misconduct on which Palmer bases his claims occurred in 2023, so the statute of limitations likely would not bar Palmer from refiling this action in the near future.

2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

## F. No Lesser Sanction Would Suffice

No lesser sanction would suffice to deter Plaintiff's conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially); *Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (citing multiple cases for the proposition that "[t]he Court cannot simply allow

[the prisoner] to file an amended complaint listing the omitted case because that would not be an adequate sanction or deterrent.").

Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>13th</u> day of September, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**